**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

**UNITED STATES OF AMERICA,**                                  Case No.: 1:24-CR-31

**v.**

**DUNTERRIUS BRADFORD,**
    **Defendant.**

### DEFENDANT'S REQUEST FOR DISCOVERY UNDER RULE 16, FEDERAL RULES OF CRIMINAL PROCEDURE AND MOTION FOR DISCLOSURE OF EXCULPATORY AND/OR IMPEACHING INFORMATION (BRADY/GIGLIO MOTION)

Pursuant to Rule 16, Federal Rules of Criminal Procedure, the above-named Defendant requests the Government to:

1. Permit the Defendant to inspect, copy or photograph the following:

    a. Any written or recorded statement made by the Defendant;
    b. Results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case;
    c. Recorded testimony of Defendant before the Grand Jury;
    d. A copy of Defendant's prior criminal record;
    e. Recorded statements, memorandums of statements, and grand jury testimony of witnesses which purport to relay information furnished to them or statements made to them by the Defendant.
    f. The substance of any oral statement that the Government intends to offer in evidence at the trial made by the Defendant, either before or after arrest, in response to interrogation by any person then known to the Defendant to be a Government agent.
    g. Any and all books, papers, documents, photographs or tangible objects, buildings or places, or copies or portions thereof, which are in the possession, custody or control of the Government, which were obtained from or belonged to the Defendant including, but not limited to, all documents and papers prepared by, on behalf of or at the inspection of the Defendant or which were prepared as a result of the information furnished by the Defendant which the Government intends to claim at trial were false or fraudulent.

2. Defendant further requests that you specify the time, date and manner in which the foregoing will be made available for his inspection, copying or photographing.

## MOTION FOR DISCLOSURE OF EXCULPATORY AND/OR IMPEACHING INFORMATION (BRADY MOTION)

Comes now the Defendant, in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967) and Giglio v. United States, 405 U.S. 150 (1972), and moves this Honorable Court to order the prosecution to make inquiry and disclose all information and evidence that may be materially favorable to the Defendant of a direct or impeaching nature which is in the prosecution's possession or the existence of which is known, or by the exercise of due diligence could become known, to the prosecution.

The following are specifically requested by the Defendant:

1. All written, recorded or oral statements made by the prospective prosecution witnesses, including police officers and experts. This includes summaries of interviews with prospective prosecution witnesses. (The Defendant has included this request because he believes that an examination of such statements or summaries will reveal conflicting or contradictory information which will affect the credibility of the prosecution's witnesses.)
2. The Defendant's criminal record including, but not limited to, federal, state or local arrest records.
3. All records and information revealing prior felony convictions, guilty verdicts or juvenile adjudications attributed to such witness called by the prosecution including, but not limited to, relevant "rap sheets" or federal, state or local arrest records.
4. All records and information revealing prior misconduct or bad acts attributed to the witness.
5. All consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration," the Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness including, but not limited to, formal or informal, direct or indirect; leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with plaintiff or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief form forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program," informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.
6. Any and all threats, express or implied, direct or indirect, or other coercion made or

directed against the witness, criminal prosecutions, investigations or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution or custodial status of the witnesses, and any civil, Tax Court, Court of Claims, administrative or other pending or potential legal disputes or transactions with the Government or over which Government has real, apparent or perceived influence.

7. All other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or "basic mental trouble;" the use of hypnosis or hypnotic age regression, the use of "lie detectors,' polygraphs or psychological stress evaluators; and the witness' use of narcotic or other drugs.

8. The same records and information requested in items 1 through 7 with respect to each non-witness declaring whose statements are offered in evidence.

9. Any and all items seized as a result of any and all searches of the Defendant or of any property in which he had a reasonable expectation of privacy.

10. The existence and identification of each occasion on which a potential prosecution witness has testified before any court, grand jury or other investigative body, or otherwise narrated the facts of this case.

11. The names, addresses, current telephone numbers, criminal records and statements or interview reports of those persons who may have some knowledge of the facts of this case but will not testify as witnesses for the prosecution at trial.

12. Any and all statements made by the Defendant to third persons, including investigative agents, whose identities were then unknown to the Defendant which are in the possession of the prosecution, the Georgia Bureau of Investigation (GBI) or the Federal Bureau of Investigation (FBI).

13. The circumstance surrounding the statements referred to in number 12.

14. Any and all statements of any co-conspirators which concern activities conducted or statements made during the course of and in furtherance of any of the offenses alleged in this case.

15. The names, addresses, current telephone numbers and criminal records of any informants, special employees and special investigators used in the investigation of this case, or persons hired, directed, requested and/or paid by the state to investigate, snoop or obtain information in any manner whatsoever in the investigation of this case.

16. A copy of any investigative agencies' departmental rules or regulations to which any informant or special employee was hired, employed or requested to participate in the investigation of this case.

17. The names and classifications of any and all investigative agents, attorneys or other state or federal employees who met with, talked to or who were present at any informant's and/or special employees of the Government ("Government" as used herein includes federal, state and local governments, as well as law enforcement or investigative agencies for said government) during the investigation of the offenses set forth in this indictment.

18. Any and all tape recorded conversations or transcripts thereof or other electronically obtained information of whatever kind made in connection with this case.

19. If the answer to the prior question is yes, then disclose the following:
    a. An exact copy of such tape or recording;
    b. The authority making such intercept recording;
    c. The date the recording was made and the identity of all the speakers therein.

20. If conversation(s) of the Defendant was subject to surveillance but was not electronically recorded, please provide any handwritten notes or memoranda, stating the date of the conversation, the parties to the conversation and the nature of the conversation.

21. Any and all taped or electronically recorded conversations in the possession of the prosecution which may have been made between the Defendant and any third party, together with the times, places and any purported authorization for making the same. If no electronic recordings exist of such conversations, please provide notes and memoranda in regard to said conversations, including the date of said conversations, the nature of said conversations and the name of all parties to the conversations.

22. Any and all taped or electronic recordings intended to be introduced into the trial of this case.

23. With regard to any surveillance, whether it be electronic, physical or otherwise, state whether or not such surveillance was consensual and, if so, if it was a result of any promise or inducement on the part of any government agency.

24. Enumerate and outline any and all searches and seizures made (whether with or without a search warrant) and specify in detail the times, dates and places thereof, together with the authority for such searches, and tender to defense counsel copies of the search warrants, affidavits in support thereof, the returns and the items seized.

25. Any evidence which the state has, or the existence of which is known to the state, concerning any search and/or seizure made by the state, its agents or employed persons, which would tend to taint or make illegal such searches and/or seizures.

26. All statements, confessions or admissions made by any unindicted person in this case, whether or not named in the indictment, written or recorded, or oral statements subsequently reduced to writing, made to any government investigative agency, which is in the possession of the prosecution or which, by due diligence, could be obtained by the prosecution.

27. With regard to the statements referred to in number 26, please state the location, date and approximate time of each statement and identify each witness to such statements.
28. With regard to such statements, whether incriminating or otherwise, specifically and in detail state the circumstances surrounding such statements.
29. Any and all documents, notes, papers, memos or records made by person(s) who conducted scientific tests on behalf of any law enforcement agency or laboratory in connection with the investigation and preparation of this case, as well as the following:

> a. The name of all persons who performed or participated in any of the laboratory functions or in the preparation of the above reports;
> b. All rules, regulations, policy statements, staff manuals, pamphlets, bulletins or operational guides which are used as instructional guides for the respective sections of the law enforcement agencies with respect to the tests performed;
> c. The names of actual tests or experiments performed in connection with the above laboratory reports and a comprehensive description of the exact steps used in each test or experiment performed;
> d. Any and all photographs pertaining to the tests and/or experiments performed with any logs, records or reports of the results of said tests or experiments;
> e. A complete listing of the actual machines, chemical qualitative analysis equipment or other tangible objects used in the performance of each of the tests;
> f. Any and all books, papers, documents, photographs, records, or copies thereof, in anyway memorializing the government's internal communications relating to or connected with the instructions as to scientific examination and testing.

30. All photographs, photographic arrays, photographic slow-ups or any other identification procedure used to identify the Defendant as the perpetrator of offenses in this case. Specify dates, places, times and identifying witness(es).
31. All records, reports, correspondence, photographs, information, statements of any kind, and other documents or copies thereof of all law enforcement agencies pertaining to the investigation of this case.
32. The name, address, current telephone number and qualifications of any witness intended to be called by the prosecution in the trial of this case.
33. Any and all expert analyses and conclusions concerning any records, papers or documents seized or obtained by the government in connection with its investigation of this case including, but not limited to, handwriting exemplars.
34. Any and all tangible objects intended to be introduced into evidence by the prosecution.

35. A copy of all original notes and memoranda (handwritten or otherwise)that may have been made by any and all investigative agents of the government concerning any person who may have been acting in an informer or undercover capacity. If such notes or memoranda were once in existence but now have been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

36. As to number 35, state in detail whether or not any notes or memoranda made by any government agents have been destroyed and, if so, answer the following questions with reference thereto:

    a. The reason for such destruction;

    b. Whether or not the same was destroyed on account of an existing governmental policy, federal or state regulation, or for some other reason.

37. Furnish the names and addresses of all persons given a promise of immunity by the Government in connection with the government's criminal investigation of this case and the dates thereof, whether such a person will be a witness for the Government or not.

38. State whether or not there have been any transmitters or other type of listening or homing devices used to overhear or monitor conversations between Defendant and any other parties since his arrest. This request includes the use of such devices by private persons or any government agency.

39. State whether or not any government agent or anyone acting at the direction or behest of the government (be he or she designated as an informant, special employee or otherwise) has talked with or communicated with the Defendant since his arrest in order to attempt to obtain information or facts from Defendant pertaining to this case or to Defendant's defense thereof; and, if so, give the name of such agent, informant or special employee, together with all other facts and circumstances pertaining thereto.

40. State whether any person in connection with the government's investigation of this case has been given a polygraph examination and, if so, list the names of the persons examined, the name and address of the operator, the date of the examination and a copy of the questions and answers posed, including the result and interpretation thereof.

41. State whether any person interviewed in connection with the investigation of this case has been given a psychological or psychiatric examination and, if so, list such person, the date of the examination, the examiner and the results thereof.

42. All evidence of transactions or conduct of any defendant which are not the subject matter of the indictment in this case, which the government might offer as evidence under the question of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

43. The existence and identification of each occasion on which a government informer

and/or special employee has testified before any court, Grand Jury or other tribunal.

44. Copies of all documents and exhibits presented to the Grand Jury.

45. Grand Jury transcripts of the testimony of all witnesses appearing before the Grand Jury. State whether all matters before the Grand Jury were transcribed, including all comments made by the United States Attorney and any and all Grand Jurors. If said comments were not transcribed, please explain why.

46. A list of the names and titles of each government employee who was present in the Grand Jury room during taking of any testimony (other than his own) in the course of the investigation of this case, or who was present during any portion of the Grand Jury proceedings herein.

47. State what charges or legal advice was given by any United States Attorney to the Grand Jury.

48. The number of transcripts of the proceedings before any Grand Jury in connection with this case that were prepared by the certified court reporter or other person responsible therefor; the name, address, official capacity, if any, of each person to whom a copy of any part of the transcript of any of the proceedings before the Grand Jury in this matter was disseminated, together with any orders or other documents purporting to authorize such dissemination and the date, time and place of each such dissemination.

49. Any and all information in the possession of either the prosecution or any agency involved in the prosecution of the instant case which tends to adversely impact or impeach the credibility of any Government witness. Giglio v. United States, 405 U.S. 150 (1972). Note that the prosecutor has an affirmative, Supreme Court mandated duty to look beyond information contained in the prosecution's own files and must examine the files of any investigating agency involved in the case in order to discovery and disclose the information requested. Youngblood v. West Virginia, 547 U.S. 867, 869-70 (2006) (per curiam) ("Brady suppression occurs when the government fails to turn over even evidence that is 'known only to police investigators and not to the prosecutor.'") This information shall include but is not limited to:

(A) Statements made by any witness to prosecutors or law enforcement which are inconsistent with previous statements made by the witness, regardless of whether such statements are memorialized in a report. If, for example, a witness makes a statement to the prosecution or law enforcement any time up to and including trial preparation that is not memorialized in a police report, the defense will accept a letter from the prosecution setting forth the date, time, location and substance of the statement;

(B) Any and all records contained in internal police department personnel and/or training files which call into question the truthfulness of any testifying officer including but not limited to reprimands or other documentation regarding

    fraudulent time-sheets, falsification of police reports or internal police records and/or making any misleading statement of any form to any other person or entity.

WHEREFORE, the Defendant prays:

  a. That an evidentiary hearing be held on this motion so that a proper foundation may be laid as to what evidence or information is known or by the exercise of due diligence could become known to the prosecution;

  b. That the prosecution be directed to make such disclosures immediately; and

  c. That should the prosecution indicate that it does not possess evidence or information which would be materially favorable to the Defendant of a direct or impeaching nature, that this Court examine in camera the prosecution's file(s), the Georgia Bureau of Investigation (GBI) files, the Federal Bureau of Investigation (FBI) files and as to all items that are not undisclosed to the Defendant pursuant to this motion, that such undisclosed items be deposited into the registry of the Court where they will be available for appellate review and/or post conviction relief, if necessary.

  This 5th day of September, 2024.

          /s/Benjamin David Harrell
          BENJAMIN DAVID HARRELL
          159 E. Broad St.
          Camilla, Georgia 31730
          (229) 330-5000
          (229) 330-5001 (fax)
          Bennyharrell11@gmail.com
          Bar #: 876451

CERTIFICATE OF SERVICE

    I hereby certify that this day I filed the above Notice of Appearance with the Clerk of Court by electronically filing using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

    This 5th day of September, 2024.

/s/Benjamin David Harrell
BENJAMIN DAVID HARRELL
159 E. Broad St.
Camilla, Georgia 31730
(229) 330-5000
(229) 330-5001 (fax)
Bennyharrell11@gmail.com
Bar #: 876451